CHAUNCEY HUNT *v.* SCHOOL DISTRICT No. 20, IN NORWICH.

When the statute requires seven days notice of the meetings of school districts, a notice dated on the first day of the month, for a meeting to be held on the seventh, is not sufficient.

The warrant for such meeting must *specify the business to be done.*

Such omissions and defects render void the proceedings of a meeting of the district.

ASSUMPSIT, for money paid and for work and labor performed.

Plea, *non assumpsit.*   Issue to the country.

On the trial in the county court, the plaintiff claimed to. have acted as the agent of school district No. 20, in Norwich, in removing a certain school house, for doing which he was afterwards prosecuted and thereby put to great expense.

To prove his agency, he offered in evidence a record of said school district, showing a warning for a meeting of the district to be held on the seventh day of November, 1837, at the school house, dated November 1, 1837. There was no article in the warning relating to the sale of the school house in question, but after setting forth the object of the meeting, the warning contained the following article: ' To do any other business proper to be done.' The record further showed that a meeting of the district was held in pursuance of such warning and that the plaintiff was appointed the special agent of the district ' to sell, in the name and behalf of the district,' all their right and title to the school house in question, within

sixty days, at auction or otherwise. To the admission of the record so offered, the defendants objected, because there was no article in the warning to authorize the vote relating to the school house, and because the vote did not authorize the plaintiff to remove the school house, and the county court rejected it.

The jury found a verdict for the defendants, and the plaintiff excepted to the decision of the county court, rejecting said record.

*G. E. Wales,* for plaintiff.

The plaintiff contends that the record offered in evidence should have been admitted, because, if rejected, it allows the defendants to take advantage of their own wrong.

The plaintiff presumed, and we think was authorized to presume, that the district was acting legally in passing the vote appointing him their agent.

2. The plaintiff, by the vote of the district, was authorized to sell their interest in the school house.

Suppose he could not sell, the object was to remove the house.

It makes a hard case for the plaintiff to be involved in all the expense incurred by such removal, if he acted in good faith. And we think that he did not exceed the true intent and meaning of the meeting appointing him agent.

The objection raised that legal notice was not given of the school meeting when the plaintiff was appointed agent, was not raised in the court below, and therefore should not be in this court. But it is a sufficient answer to this, on the part of the plaintiff, that the district must have supposed they were legally convened by passing such vote.

*Tracy & Converse,* for defendants.

It will not, probably, be pretended that evidence of the plaintiffs having in fact ' moved the school house,' would avail the plaintiff anything, unless he was specially authorized so to do by vote of the district at a meeting *legally warned and holden for that purpose.*

I. We contend, that no such meeting was holden.

1. There was no sufficient notice of the meeting. Comp. Stat. vol. 2, 138, §7 and p. 189, also p. 140, §10.

WINDSOR,
February,
1842.

———

Hunt
*v.*
School district
No. 20,
Norwich.

2. Every warning of a school meeting, should ' *specify the business to be done.*' And unless such is the character of the warning, no vote passed at the meeting would be binding on the district. And in this respect there is no difference between *annual* and any other meetings. *Warren* v. *Mower*, 11 Vt. R. 385, 392–3. *Stowe* v. *Wyse*, 7 Conn. R. 214.

But this was a *special* meeting, as appears by the record offered, and as such there can be no pretence, but that there should have been a specification of the business to be done, inserted in the warning.

II. If the warning had been ever so ample in this particular, the *vote* of the district did not authorize the plaintiff to remove the house at the expense of the district. It merely authorized him to sell the interest that the defendants had in the school house.

The opinion of the court was delivered by

REDFIELD, J.—The only question in the present case is in regard to the legality of the vote of the school district, under which the plaintiff claims to act. The defendants could act in their corporate capacity only in the mode pointed out by the general statutes of the state, which require that all meetings of school districts should be warned at least seven days previous to the meeting. The warning for this meeting was dated the first day of November, and the meeting held on the seventh of that month, giving but six days notice, which is the same, for all legal purposes, as no notice.

The statute, in regard to this subject, too, requires that the warrant should ' specify the business to be done.' In the case under consideration, that was not done. This has always been considered necessary to the legality of any vote of the school district.

For these reasons, the testimony offered in the county court was correctly rejected, and the judgment of that court is affirmed.