JUSTUS H. DIX AND PRESCOTT LATHROP *v.* SCHOOL DISTRICT No. 2 IN WILMINGTON.

The plaintiffs proposed to sell to the defendants, who were a school district, certain land, upon which a school house was to be erected, with the restriction, that the front of the school house, when erected, should be upon a line with the front of a certain meeting house, and that no building should be erected upon the land, in front of the school house and meeting house. This proposition was made in school meeting, and the district thereupon voted to instruct their prudential committee to purchase the land. The purchase was made ac-

cordingly; and in the deed, executed by the plaintiffs to the defendants, the restriction was expressed to be, that no erections should be made upon said land between the school house and the highway. In the declaration in an action of assumpsit, brought by the plaintiffs to recover the price, which the defendants agreed to pay for the land, this restriction was expressed in the words used in the deed. *Held,* that there was no variance between the contract declared upon and that proved.

At the time the proposal for the sale was made to the district, the land had been unenclosed for some years, and open for the public, and one restriction, imposed by the plaintiffs in their proposal, was, that the land should be kept open. In the deed it was expressed, that the land should remain as a public common. And in the declaration the restriction was expressed as in the deed. *Held,* that this difference constituted no objection to the plaintiffs' recovery,— that the deed only imposed upon the district the obligation to keep the land open, as it then was.

*Held,* also, that the plaintiffs, in such suit, were properly allowed by the county court to prove the terms, upon which they so offered to sell the land to the district.

And where it appeared, in such case, that the selectmen of the town, in pursuance of a vote of the district, had located the school house upon the land in question, and that the district voted " to instruct the prudential committee to purchase the land designated by the selectmen for the location of a school house,—at the price of $100," and that the prudential committee had purchased the land at the specified price, but in the deed, which was accepted by the prudential committee, certain restrictions were expressed, viz., that the district should hold the land for the purpose of erecting a school house thereon, and that the school house should be so located, that the front should be upon a line with the front of a meeting house standing near, and that no erections should be placed upon the land, between the school house and the highway, but the land should remain as a public common, it was held, that these restrictions did not defeat or impair the object of the purchase, and that the prudential committee had power to accept a deed containing such restrictions, and that the plaintiffs might recover from the district the price of the land, under a general count for land sold.

And such deed being executed with covenants of warranty, it was held no defence to such action, that there was a defect in the plaintiffs' title to the land.

Where a district does not own land, on which to erect a school house, and one article in the warning of a meeting is, " To see what measures the district will take in relation to building a school house," it is competent for the district, at such meeting, to vote to purchase land for that purpose.

Dix et al. *v.* School Dist. No. 2 in Wilmington.

ASSUMPSIT. The plaintiffs declared, in the first count in their declaration, that, on the second day of December, 1846, in consideration that the plaintiffs would sell and convey to the defendants a certain piece of land, describing it, whereon to erect a school house, and whereon the selectmen had located such school house, subject to certain restrictions, to wit, that the district should hold the land for the purpose of erecting a school house thereon, that said school house should be so located, that the west end thereof should be as far west as the front end of the Congregational meeting house, that no erections should be made thereon between said school house and the highway, and that the land should remain as a public common, the defendants promised to pay the plaintiffs one hundred dollars therefor on demand; and the plaintiffs averred, that they did sell and convey the land to the defendants, by a good and sufficient deed with such restrictions as above mentioned. There was also a general count in *indebitatus assumpsit* for land sold and conveyed. Plea, the general issue, and trial by the court, September Term, 1848,—KELLOGG, J., presiding.

It was conceded upon trial, that the defendants were a school district, duly organized, and were a legal corporation at the time the contract, described in the declaration, was made, and for a long time previous had been and still continued to be. The district was duly notified, by warning dated October 28, 1846, to meet on the fourth of November, 1846, to act upon the following matters, among others;—1. To choose officers for the year ensuing : 3. To see if the district will reconsider all votes heretofore passed in relation to building a school house : 4. To see what measures the district will take in relation to building a school house. The district met, November 4, 1846, and chose, among other officers, Horace Hastings prudential committee, and adjourned the meeting to November 5, 1846,—at which time they met and adjourned to November 10, 1846. On the tenth of November the district met and passed the following votes;—To reconsider all votes heretofore taken in relation to building a school house ;—To build a school house upon the plan adopted on the eighteenth and twenty sixth of March last ;—That the prudential committee be requested to call on the selectmen to locate a school house. The meeting was then adjourned to November 17, 1846. Between the tenth and seventeenth of November the select-

men, pursuant to the application of the district, located the school house upon land belonging to the plaintiffs and one Stanley,—being the same land described in the declaration.   On the seventeenth of November the district met, and voted "to instruct the prudential committee to purchase the land designated by the selectmen for the location of the school house, at the price of $100."   The plaintiffs offered to prove the proposal made by them to the district, at the meeting of the seventeenth of November, and previous to the vote last mentioned, as to the terms and conditions, upon which they would convey the land to the district.   This was objected to by the defendants, but admitted by the court.   It was then proved, that Lathrop, one of the plaintiffs, at that meeting, and before the vote to purchase was passed, proposed to the district, that they should have the land for $100, subject, however, to these conditions,—that the school house should be placed so far back upon the land, that the front should be upon a line with the front of the Congregational meeting house,—that no building should be erected upon the land in front of the school house and Congregational meeting house,— and that the land should be kept open;—and it appeared, that the same proposition was made to the district at a previous meeting, and before they voted to have the selectmen make the location.   It also appeared, that the prudential committee, in pursuance of the vote of the seventeenth of November, contracted with the plaintiffs for the purchase of the land, agreeably to the instructions of the district, at the price of $100, and, on the second of December, 1846, received from the plaintiffs a deed of the premises, with covenants of warranty, and accepted the same.   By the terms of this deed, the conveyance was made subject to these restrictions,—"that said district are to hold said land for the purpose of erecting a school house thereon, and that said school house is to be so located, as that the west end thereof shall be as far west as the front end of said meeting house, and that no erections are to be upon said land, between said school house and the highway, but said land is to remain as a public common."   The price of the land was not paid.   It also appeared, that the selectmen, in June, 1846, had located the school house on other land, and that, after the district had purchased the land in question of the plaintiffs, the district again caused a location to be made by the selectmen upon such other land, and subsequently

erected their school house there. It appeared, that the land purchased of the plaintiffs had previously laid open for six or seven years. The plaintiffs also gave in evidence a deed of the premises in question from Stanley to themselves, dated December 5, 1846.

The defendants gave in evidence the warning and record of a meeting of the district, held December 7, 1846, at which they voted to reconsider the vote to purchase the land in question,—to instruct the prudential committee not to pay for said land,—and to reconsider the vote to build upon that land ;—also, the warning and record of a meeting of the district, held February 4, 1848, at which they voted to purchase other land, and to request the selectmen to locate the school house upon it ;—also the warning and record of a meeting of the district, held March 12, 1846, at which they voted to build the school house the ensuing season, and to sell the real estate then belonging to the district, and to choose a committee to propose a plan for a school house ;—also the record of a meeting held March 18, 1846, at which the district voted to accept the plan submitted to them by their committee ;—and also the record of a meeting held March 26, 1846, at which the district voted to amend, in some respects, the plan previously adopted by them for their school house. The defendants also gave in evidence a deed of the premises in question from Parker Hastings and Lawson Smith, " as agents for the Congregational Church and Society in Wilmington," to the plaintiffs and Stanley, dated March 2, 1841, and purporting to convey the premises in question ; but this deed was signed by Hastings and Smith in their own names, and purported to be sealed with their seals, and was acknowledged by them. The records of the town showed no title in the plaintiffs and Stanley to the land in question, except by virtue of this deed from Hastings and Smith ; but it appeared, that the plaintiffs claimed to own the land.

Upon these facts the county court rendered judgment for the plaintiffs. Exceptions by defendants.

*O. L. Shafter* for defendants.

*W. C. Bradley* and *A. Keyes* for plaintiffs.

The opinion of the court was delivered by

KELLOGG, J.   The bill of exceptions contains a statement of the facts, upon which judgment was rendered in the court below ; and to that judgment several objections have been urged in this court, which are now to be considered.

1. It is said, that the plaintiffs are not entitled to recover, by reason of a variance between the contract proved and the one set forth in the declaration.

If a variance, of a substantial character, is found to exist between the contract proved and the one declared upon, it must be conceded, it would be fatal to a recovery upon the *special count.*   But we are not able to discover any variance of that character.   The declaration sets forth a contract to convey the land, subject to the following reservations and restrictions,—that the district should hold the land for the purpose of erecting a school house thereon,—that the school house should be so located, that the west end should be as far west as the front end of the meeting house,—that no erections should be made upon the land between the school house and the highway,— and that the land should remain a public common.

The case finds, that the plaintiff Lathrop proposed to the district, at their meeting on the seventeenth of November, and before the vote was passed, authorizing the prudential committee to buy the land, to sell it, subject to the following restrictions,—that the school house should be placed so far back upon the land, that the front part of it should be upon a line with the Congregational meeting house,—that no building should be erected upon the land in front of the school house and the Congregational meeting house,—and that the land should be kept open.   The vote of the district, authorizing the purchase, was passed immediately upon receiving the plaintiff's proposition.   It is therefore a reasonable and natural inference, that the district authorized the purchase upon the terms proposed by the plaintiffs.

The only difference between the restrictions proved and those alleged in the declaration is, that in the former the district are restrained from making erections in front of the school house *and meeting house,* while in the declaration and in the deed the restriction is limited to the school house.   We think, it is no ground of complaint by the district, that the land was obtained by their agent

Dix et al. *v.* School Dist. No. 2 in Wilmington.

upon terms more favorable to the district, than they had authorized. The restrictions imposed upon them must be confined to those expressed in the deed; and these are found to correspond with those set forth in the declaration.

Again, it has been urged, that there is a variance between the proof and the declaration, as to the location of the school house; but we are unable to perceive it. The terms used in specifying the restrictions, it is true, are not precisely the same in both, but they express the same idea, and impose the same obligation. In both, the restriction requires the school house to be placed so far back, that the west end shall not be farther west than the line of the meeting house. Again, it is objected, that while by the contract the land is only required to be *kept open*, yet by the deed the land is to remain as a public common. The proof shows, that, at the time of the purchase, the land was, and had been for some years, unenclosed and open to the public; and the deed, we think, only imposes upon the district the obligation to keep the land open, as it then was. It contemplates nothing more.

2. It is insisted, that the court erred in admitting the evidence showing the terms, upon which the plaintiffs offered to sell the land to the defendants. This evidence was proper, to show the circumstances, under which the vote of the district was passed, authorizing a purchase of the land, and the terms and conditions, which the plaintiffs would require upon a sale of it. It was intimately connected with the vote of the seventeenth of November, and it may well be supposed, that this induced the vote, and that the vote was passed with reference to those proposals. We think the evidence was properly admitted.

But even if it were admitted, that there is such a variance, as is contended by the defendant, and if the evidence of the proposals made by Lathrop to the district were laid out of the case, still we are inclined to think, the plaintiffs might well recover, upon the general count. The object of the district was, to purchase land whereon to erect a school house; and although the vote of the district, authorizing the purchase, was general in its terms, yet we think, the prudential committee, to whom the general power was delegated, might well purchase upon the terms he did, inasmuch as the restrictions in the deed in no manner defeat or impair the object

of the purchase. The district did, indeed, limit the prudential committee as to the particular land to purchase, and the price to be paid for it. Beyond this they did not undertake to restrict the committee; for we think the language of the vote does not necessarily import, that the purchase should be made free of all restrictions. Doubtless the purchase should be such as not to defeat the object of the grant, or prejudice the district in the enjoyment of it. Those objects were fully attained, and in a manner satisfactory to the agent of the district.

It is objected, that the deed of the plaintiffs does not convey to the district any interest in the premises, inasmuch as the plaintiffs derived their supposed title from the Congregational Society, through Hastings and Smith, describing themselves as agents of the society. It is deemed a sufficient answer to this objection, that the deed was satisfactory to the agent of the district, and was by him accepted. The district are presumed to have known the title of the plaintiffs; for it appeared of record. The district must have contemplated the purchase to be made of the plaintiffs. The agent procured a deed with the usual covenants of warranty, which he accepted; and by that acceptance the district is bound. If the title is defective, the district have their remedy upon the covenants in the deed.

4. It is urged, that there was no legal notice to the inhabitants of the district, that the subject of the purchase of land, on which to erect the school house, was to be acted upon at the meeting, and consequently that the vote was invalid.

The statute requires, that the time, place and object of the meeting shall be stated in the notice. The warning contained an article in these words,—"To see what measures the district will take in relation to building a school house." This was sufficient notice to the inhabitants, to justify the meeting in acting upon all matters, and adopting all measures, which should be deemed necessary and proper for the erection of a school house. If the district had no land, on which to erect the house, it would be as necessary to procure it, as it would be to provide materials for the building; for the house could not be built without land, on which to erect it. The evidence in the case shows, that the subject of building a school house and fixing its location had been the occasion of frequent meetings of the district, during the season of 1846. In March of

Whitingham *v.* Bowen et al.

that year the district directed the sale of their real estate; and it does not appear, that they had any land at the time of the purchase of the plaintiffs. In June of the same year they procured a location to be made by the selectmen, which was subsequently changed. This clearly shows, that the district had land to purchase, as well as a house to build; and of this the district seem to have been fully aware. We think, the notice was amply sufficient to apprise the inhabitants of the district, that at the meeting all necessary measures were to be taken for the building of a school house, and as necessarily incident to that was the purchase of land on which to erect it.

This disposes of all the objections raised, and we discover nothing to justify us in disturbing the judgment of the court below. Consequently the judgment of the county court is affirmed.