[Civ. No. 4255. Second Appellate District, Division Two.—December 28, 1923.]

## CLARENCE JENNINGS, Appellant, v. CLEARWATER SCHOOL DISTRICT OF LOS ANGELES COUNTY et al., Respondents.

[1] School Law—Location of School Site—Voting of Bonds—Contract.—The proposition submitted to the electors of a school district and upon which school bonds are voted, and which is later evidenced by the bonds themselves, constitutes a contract, and necessarily the only contract between the parties, and any prior understanding between the electors of the school district and the trustees that the proceeds of the bonds, if voted, will be used to purchase a site adjoining that of the school owned by the district forms no part of that contract where it is not expressed in the submission upon which the electors vote.

[2] Id.—Instructions of Electors—Designation of Funds.—Where the proceeds from such bonds constitutes the only source supplying the school district with the funds needed for the purchase of a school site, the notice calling a special meeting of the electors of the school district for the purpose of "instructing the board of trustees with respect to the purchase of a school site and the erecting thereon of a schoolhouse" and the resolution adopted at that meeting are not defective because they fail to specify that the school site and the schoolhouse are to be financed from the proceeds of the bonds theretofore voted.

[3] Id.—Selection of New School Site—Majority Vote.—A majority vote of the electors present is sufficient to adopt a resolution selecting a new school site and directing the erection of a schoolhouse thereon, where such resolution does not call for the sale or abandonment of the school already maintained.

[4] Id.—Purchase of New School Site—Prior Refusal by Electors.—In an action to enjoin the purchase of a school site, it cannot successfully be contended that the electors of the district, at two prior meetings called by the school trustees, had refused approval of the new site designated in the resolution adopted at the third meeting called by the trustees, where such prior meetings had been called for the purpose of considering the double question of the disposition of the existing school site and the purchase of another, which joint proposition was voted down, whereas the proposition for the meeting last held involved only the purchase of a new site, without any reference to the sale of the old one.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Edwin F. Hahn, Judge.   Affirmed.

The facts are stated in the opinion of the court.

William H. Fuller for Appellant.

A. J. Hill, County Counsel, and Jerry H. Powell, Deputy County Counsel, for Respondents.

CRAIG, J.—The board of school trustees of Clearwater School District caused notice to be given that an election would be held therein for the purpose of voting upon the question as to whether or not said district should issue and sell bonds to the amount of forty-five thousand dollars, as a means of "raising money for purchasing school lots, for building one or more school buildings, for making alterations and additions to said school building or buildings, for insuring school buildings, for supplying school buildings with furniture and necessary apparatus, and for improvement of school grounds." The election was held on July 12, 1921, pursuant to such notice, and two-thirds of the votes cast being in the affirmative, said bonds were issued and sold, and the proceeds thereof are in the hands of the county treasurer. Subsequently to the sale of said bonds the trustees gave notice that "In accordance with the provisions of section 1611 of the Political Code, notice is hereby given that a meeting of the qualified electors of Clearwater School District, county of Los Angeles, state of California, will be held on the 13th day of January, 1922, between the hours of 1 p. m. and ——, at Literary Hall, in said school district, for the purpose of consultation on the following: Instructing the Board of Trustees with respect to the purchase of a school site and the erecting thereon of a school house." A meeting was accordingly held, and by a vote of 391 to 145, the following resolution was adopted:

"Moved that Board of Trustees be authorized to purchase a school site of not less than 4 acres fronting 20 rods in width on Ocean Ave. from the property of L. D. Glock or John Thompson in said school district and the erection on

said school site a school building containing not less than 5 class-rooms.''

No question is raised as to the legality of any of the steps taken prior to this meeting, but appellant instituted proceedings against the respondents, praying that said purchase be enjoined and that the trustees be restrained from using any part of the funds for the purchase of a school site which does not adjoin the present school property. The principal ground for injunction alleged in appellant's amended complaint is that ''it was understood by and between the district and the trustees of said district and the electors of said district that the proceeds of said bonds, if voted, should be used for the purpose of purchasing lots adjacent to and adjoining said district's school site and for building one or more school buildings upon the lots so purchased, and for making alterations and additions to said school building or buildings and for insuring buildings, for supplying school buildings with furniture and necessary apparatus and for improving the school grounds of said district situate as hereinbefore described, and for no other purpose; that said bonds would not have been voted by the electors of said district had they known it was the intention of said trustees to use the proceeds of the sale of said bonds to acquire lots that do not adjoin the district's present school site and to build a school house on such lots.''

It is further alleged that upon two occasions previously to the meeting above mentioned the trustees called meetings for the purpose of obtaining instructions to purchase a site not adjoining the present school grounds, and that upon each such occasion the proposition was defeated. It is argued therefrom that this action of the electors is evidence of such previous understanding and agreement, and is conclusive, and that the third meeting and resulting resolution were void, because the board called a meeting for consultation upon the purchase of a school site over a mile south of the present school site; that the trustees were bound by the understanding and agreement which they are alleged to have had with the electors preceding said election, and are therefore without legal authority to purchase a site or to construct school buildings which shall not adjoin the old school property.

Upon the trial objection was sustained to the introduction of any evidence upon the ground that the amended complaint did not state facts sufficient to constitute a cause of action for injunction, and the case was ordered dismissed. This appeal is taken upon the judgment-roll.

[1] The contention which appellant urges most strongly is that prior to the election an understanding was entered into between the electors of the school district and the trustees that the proceeds of the bonds, if voted, would be used to purchase a site adjoining that of the school owned by the district. This proposition is not worthy of serious consideration. The law makes no provision for informal understandings of this character. On the contrary, the authorities cited by appellant expressly hold that the proposition submitted to the electors and upon which bonds are voted, and which is later evidenced by the bonds themselves, constitutes a contract, and necessarily the only contract between the parties. In addition to this, the electors may, if called together by the school board for the purpose of consultation, make recommendations as to the selection of the school site, which the board may not disregard. But there is no place in the entire procedure for understandings except such as are expressed in the submission upon which the electors vote. None of the authorities cited by appellant upon this phase of the appeal sustain his position, but, as we have indicated, practically preclude the acceptance of this view. This is true of *Peery* v. *City of Los Angeles,* 187 Cal. 753 [19 A. L. R. 1044, 203 Pac. 992], and *Hollywood High School Dist. et al.* v. *Keyes,* 12 Cal. App. 172 [107 Pac. 129]. In the instant case the amended complaint shows that the electors voted bonds for the purpose of "raising money for purchasing school lots," etc. It is nowhere alleged that the site to be purchased was more definitely designated, and this without doubt was a sufficient description to present the proposition to the voters.

[2] But the law expressly authorizes the school trustees to call a meeting of the electors of the district for purposes of consultation. This they did, specifying in the notice that the subject of the consultation should be "instructing the board of trustees with respect to the purchase of a school site and the erecting thereon of a school house." This notice sufficiently designated the matter to be

considered and acted upon by the electors. It informed
everyone interested of the general subject to be discussed
and determined. The meeting was held, and a resolution
was adopted directing the board of trustees to purchase
certain property, which action upon the part of the board
the petitioner now seeks to enjoin. In addition to the
argument based upon the claim that an understanding
existed, to which we have adverted, it is further urged that
neither the notice of the meeting held on January 13, 1922,
nor the resolution adopted at that meeting, specified that
the school site to be purchased and the schoolhouse to be
erected thereon were to be financed from the proceeds of
the bonds which had been voted on July 12, 1921. We
think this contention is devoid of merit. The record dis-
closes that there was but one source supplying Clearwater
School District with the funds needed for the purposes in
question. The history of the entire proceedings as disclosed
by appellant's amended complaint shows that all of the
meetings which were held, of which the one held January
13th was the third, had to do with the disposition of the
money derived from the sale of the bonds voted on July 12,
1921. In numerous cases cited by respondent language
equally general in character embodied in notices for similar
purposes was held sufficient. Among these are *Sherman*
v. *Torrey*, 99 Mass. 472, 473; *Dix* v. *School Dist. No. 2*,
22 Vt. 309; *South School Dist.* v. *Blakeslee*, 13 Conn. 227.

[3] Appellant insists that the resolution adopted at the
meeting of July 13, 1922, was void, because passed by only
a majority of the electors present. It is claimed that to
give the resolution validity as authority to bind the trustees
it must have been passed by a two-thirds vote, because,
it is asserted, the effect of the action taken would be to
change the site of the school existing in the district. There
is nothing in any fact alleged in the amended complaint
which would justify the claim that the purchase of a new
site and the erection of a new schoolhouse would result
in the sale or abandonment of the one already maintained.
Neither the proposition voted upon at the election nor the
resolution adopted by the electors mentioned the disposition
of any school property owned by the district.

[4] It is further contended by appellant that the propo-
sition authorized in the resolution just mentioned had been

refused approval by the electors at two previous meetings called by the trustees. However, the amended complaint shows that both of the meetings which preceded that of January 13th were called for the purpose of considering the double question of the disposition of the present school site and the purchase of another, which joint proposition had been voted down; but the proposition for the meeting which was last held involved only the purchase of the new site, without any reference to the sale of the old one.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 25, 1924.