Argued July 1, affirmed October 21, 1924.

## JOS. LUMIJARVI ET AL. *v.* SCHOOL DISTRICT No. 25, COLUMBIA COUNTY, ET AL.

(229 Pac. 684.)

**Schools and School Districts—Vote of Two Thirds of Voters at Meeting Necessary to Order Removal of Schoolhouse or Erection of One on New Site.**

1. While majority of legal voters of district may vote to select schoolhouse site, under Section 5047, Or. L., vote of two thirds of voters present and voting at meeting is necessary to order removal of schoolhouse, or erection of new building on new site.

**Schools and School Districts—Notice of Special Election to Vote on School Site Did not Authorize Vote to Move Schoolhouse.**

2. Where notice of school election recited that purpose was "to vote on schoolhouse site," and business of meeting being limited to matters stated in such notice, vote taken on question of "removal" of schoolhouse, no mention thereof having been made in notice, as required by Section 5047, Or. L., was unauthorized.

From Columbia: J. U. CAMPBELL, Judge.

Department 2.

This is a suit to annul the result of a school election held in District No. 25, Columbia County, Oregon, on June 24, 1922, for the purpose of selecting a site for the new school building to be erected in said district, and to annul the action of a majority of the school board of the district, taken on the tenth day of July, 1922 and on July 29, 1922, in receiving and approving the bid submitted by the defendant, Ostrom Construction Company, and entering into a contract on behalf of the school district for the construction of a schoolhouse.

It is alleged that about thirty illegal votes were cast in favor of establishing a schoolhouse upon the new site, at what is known as the "Inglis" site, and that the election was fraudulent. It is also al-

See 35 **Cyc.,** pp. 937, 938.

leged that an improper site was selected near the
Columbia Highway, at a place where there is a sharp
curve in the highway, and that it would be dangerous
for pupils traveling to and from the schoolhouse.

The facts are set out at great length in the complaint, and issues are raised by the answer of the
defendants. The defendants also rely upon the result of a special school meeting held the previous
year, namely, on the 23d of April 1921, which it is
claimed resulted in favor of the selection of the
"Inglis" site for the construction of the schoolhouse.

The trial court held: (1) That the election in question of June 24, 1922, was invalid and void, and that
no rights were derived therefrom. (2) That the
district school board meeting in question, of July 10,
1922, was not properly convened, nor legally called
and that the action of the board at said meeting in
receiving and approving the bid submitted by the
defendant, Ostrom Construction Company, was invalid and illegal. (3) That the district school board
meeting of July 29, 1922, was not properly or legally
convened or called, and that the action of the school
board at said meeting in signing and entering into
the contract with the Ostrom Construction Company,
for and on behalf of said school district, was illegal.
(4) That all the acts done by defendants in the acquisition and improvement of the property, designated
as the Inglis site, in the erection of any structures
thereon, and the incurring of liabilities therefor, on
behalf of the school district were without lawful authority and were illegal, and not binding on the defendant school district. (5) That the election of
April 23, 1921, relied upon by the defendants, did not
result in the selection of any particular site or sites
for the erection of the new school building in said
school district, nor did said election authorize the

school board of said district to build or erect any schoolhouse or houses or other structures, and that neither of the defendants were authorized or empowered by said meeting to erect any school building or school buildings, or to select any site or sites on which to build or erect the same; nor can they be heard to assert or claim any authority resulting from the action taken at said meeting. (6) That plaintiffs were entitled to the relief prayed for in their complaint; that the temporary injunction should be made permanent, and that the plaintiffs were entitled to recover their costs; and rendered and entered a decree accordingly. Defendants appeal.      AFFIRMED.

For appellants there was a brief over the names of *Messrs. Ostrom & Johnson* and *Messrs. G. C. & A. C. Fulton*, with an oral argument by *Mr. G. C. Fulton*.

For respondents there was a brief and oral argument by *Mr. Glen R. Metsker*.

BEAN, J.—A special election was held by the legal voters of School District No. 25, Columbia County, Oregon, the purpose of which was shown by the notice, which reads as follows:

"SPECIAL SCHOOL MEETING.

"Notice is Hereby Given to the legal voters of School District No. 25 of Columbia County, State of Oregon, That a Special School Meeting of said District will be held at School house on the 23rd day of April, 1921, at 2 o'clock in the afternoon, for the following objects; 1st to vote on building a new school house, 2nd to vote on a school site, 3rd to authorize bonds to the amount of $10,000.

"Dated this 12th day of April, 1921.

"J. E. LUMIJARVI,

"Chairman Board of Directors.

"Attest:   HANNAH LUMIJARVI,

"District Clerk."

The only record of the meeting which was signed by the clerk and not by the chairman of the meeting, nor chairman of the board of directors, reads as follows:

"RECORD OF SPECIAL SCHOOL MEETING.

"A special school meeting was held April 23, 1921, pursuant to notice duly published as by law provided. J. E. Lumijarvi, chairman of the board, appointed H. W. Brown to act as chairman of the meeting, which was by motion duly carried approved by the house. Moved, seconded and carried that a vote be taken whether or not the school shall be *moved* from its present site. Theodore Jolma and Wm. Erickson were appointed tellers. Result of the vote 43 for and 19 against. Nominations were called by the chair for proposed sites. Gravel Pit was nominated. Inglis site was nominated. Also present site of Stewart Creek was put in nomination. Result of the vote

Stewart Creek 1 ......................11

Gravel Pit 2 ..........................22

Inglis 3 ...............................28

"A trial vote was taken on Inglis site and Gravel Pit. Result:

Gravel Pit ...........................25

Inglis ...............................37

"R. S. Payne moved that a vote be taken on the question of building a new five room school house on the present site, not a stick of the old building to be used. Result, Yes 22, No. 36.

"A motion was made, seconded and carried that a meeting be held two weeks from today.

"(Signed)   HANNAH LUMIJARVI, Clerk."

It does not appear that any school meeting was held pursuant to the vote of adjournment.

On April 22, 1922, another special school meeting was called and held in this district, for the purpose accordingly, as stated in the notice, "there would be submitted to the legal voters thereof the question of contracting a bonded indebtedness in the sum of $9,000 for the purpose of surveying school site and erecting a school building, and clearing site in and for said school building." The result of the election was to authorize a bonded indebtedness of $9,000. The result of this election is not called in question in this suit.

On the eighth day of June, 1922, the district school board called another special election and meeting of the legal voters of said district to be held June 24, 1922, for the purpose of selecting a site for the new school building. The notice of the meeting reads as follows:

"NOTICE OF SPECIAL SCHOOL MEETING.

"Notice is hereby given that a special school meeting of the legal voters of School District No. 25, Columbia County, Oregon, will be held in the school house in said district on the 24th day of June 1922, at the hour of 4 o'clock P. M. for the purpose of selecting a site for the new school building to be erected in said district.

"By order of the school board at a special meeting held this 8th day of June, 1922.

"(Signed)   JOHN G. HEKALA,
"Chairman."

"Attest:   FRED NIEMELA,
"District Clerk."

At this election, as stated in defendant's brief, "out of a voting population of perhaps 75, there were cast 127 votes, with the net result—Inglis site receives 65, and the old, or present school site receives 62." It is admitted by both plaintiffs and defendants that the election of June, 1922, was illegal and void.

The defendants rely upon the action taken at the school meeting on April 23, 1921, for authority to let the contract and construct a school building on the so-called Inglis site and in their briefs suggest:

"The electors of a school district in Oregon may select as many sites upon which to construct new school buildings as they may desire. *Landers* v. *Van Aukin,* 77 Or. 479 (151 Pac. 712)."

The plaintiffs maintain that there was no definite action taken at the special election held on April 23, 1921, authorizing the "removal" of the schoolhouse, or the selection of a new school site. Section 5047, Or. L., reads as follows:

"SELECTION OF SCHOOL SITE AND REMOVAL OF SCHOOL-
HOUSE.

"Whenever, in the judgment of the board, it is desirable or necessary to the welfare of the schools in the district, or to provide for the children therein proper school privileges, or whenever petitioned so to do by one-third of the voters of the district, the district board shall call a meeting, at some convenient time and place fixed by the board, to vote upon the question of selection, purchase, exchange or sale of a schoolhouse site, or the erection, removal or sale of a schoolhouse. Said election shall be conducted and votes canvassed in the same manner as at the annual election of school officers. Three notices of the time, place and purpose of such meeting shall be posted in three public places in the district by the clerk at least ten days prior to such meeting. If a majority of the voters present at such meeting shall by vote select a schoolhouse site, or shall be in favor of the purchase, exchange or sale of the schoolhouse, as the case may be, the board shall locate, purchase, exchange or sell such site, or erect, remove or sell such schoolhouse, as the case may be, in accordance with such vote; provided, that it shall require a vote of two-thirds of the voters present and voting at such meeting to order the removal of the schoolhouse, and

such schoolhouse so removed cannot again be removed within three years from the date of such meeting.''

In view of the admitted status of the special election held June 24, 1922, it only remains to consider the effect of the special election in this school district held April 23, 1921. To authorize the removal of a schoolhouse, the statute requires a two-thirds majority vote of all the legal voters present and voting at a legally called meeting for that purpose. Referring to the statute, it will be seen that when the occasion arises the district board may call a meeting to vote upon the question (1) of a selection of a schoolhouse site. (2) Purchase of same. (3) Exchange or sale of a schoolhouse site. (4) The erection of a schoolhouse. (5) The removal of a schoolhouse or (6) The sale of a schoolhouse, ''as the case may be.''

1. A majority of the legal voters of a district may vote to select a schoolhouse site: *Landers* v. *Van Aukin,* 77 Or. 487 (151 Pac. 712). But the statute requires a vote of two thirds of the voters present and voting at such meeting ''to order the removal of a schoolhouse.'' It is clear that the statute makes this regulation in regard to the change of the location of a schoolhouse, whether the building is removed or whether a new building is erected on a new site to take the place of an old one.

2. Our main inquiry is, what was the effect of the action taken at the school meeting of April 23, 1921? In regard to the calling of a meeting, the statute makes particular mention of the ''removal of a schoolhouse.'' Upon an examination of the notice of school meeting of April 23, 1921, it will be noticed that the ''removal'' of the schoolhouse is not mentioned in such notice. The notice was for the purpose, among others—''(2) to vote on a schoolhouse

site." This might be for the purpose of building a new schoolhouse on a new site, without removing the old schoolhouse. No business not specified in such notice can be transacted at the meeting: *Hunt* v. *School District No. 20,* 14 Vt. 300 (39 Am. Dec. 225).

From the action taken at the special school meeting in April, 1921, and the several ballots that were taken at that meeting, and the attempted meeting of June 24, 1922, it is plain that the purpose of the legal voters was to change the location of the school-house in the district. It is also plain from the minutes of the first school meeting referred to that the matter was not determined by the electors at the meeting of April 23, 1921. The last vote taken at that meeting was in regard to building a new schoolhouse on the old site. Apparently without coming to any determination it was voted that the meeting be adjourned, or held two weeks after that date.

The trial court found upon this point *inter alia* that there was not sufficient evidence to support the allegations of the defendants; that the school meeting of April 23, 1921, was legally called, nor that the question of the erection of a new schoolhouse was ever submitted to the legal voters of said district at such meeting, or any other meeting; nor that at such meeting the legal voters, or other persons voting thereat, selected any particular site or sites upon which to erect a new school building; that on the contrary it appears from the evidence that the business for which said meeting was convened was left unfinished, and that no final action was taken at such meeting; that no definite location, site or tract of ground, in respect to the so-called Inglis site, was ever designated, pointed out, selected or known to the persons or individuals taking part in such matter; that the action

taken at said meeting was never considered final by the defendants, or either of them.

The election held in the school district June 24, 1922, being admitted to have been illegal and void, and having been so adjudged and declared by the court, would not have the effect of reviving or validating the irregular and illegal vote upon the question "whether or not the school shall be moved from its present site." *Norton* v. *Perry*, 65 Me. 183, 190. If the school district desires to change the location of the present school building or "remove" the schoolhouse, it must proceed anew. The notice of a school election called for the purpose of changing the location of a schoolhouse should state that a vote will be taken upon the question of "removal of the schoolhouse" in order that the electors of the district may be informed of the fact that such question is to be voted upon: Or. L. 5047.

It follows that the decree of the Circuit Court should be affirmed. It is so ordered.      Affirmed.

McBride, C. J., and Brown, J., concur.