## Swaney, Appellant, *v.* Georges Township School District.

Argued September 28, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*H. S. Dumbauld,* for appellant.

*J. R. Smiley,* for appellee.

PER CURIAM, November 28, 1932:

Plaintiff's action against the School District of Georges Township, Fayette County, is to recover for salary alleged to be due him as treasurer of the district, and he appeals from judgment entered on verdict for defendant directed by the court below.

Appellant was elected treasurer of the Georges Township School Board in July, 1925, for a term of one year, the compensation being fixed at two per cent of all money paid out by the district, subject to stated exceptions. In September of that year, five of appellant's fellow directors were removed from office and new members appointed in their places. The first meeting of the newly constituted board was held October 5, 1925, at which time the compensation of the treasurer was changed to a flat salary of $100 a month. Plaintiff continued to hold the office of treasurer until the end of his term in July, 1926. He now alleges there is due him the difference between the fixed salary and compensation on the two per cent basis.

In its opinion giving reasons for instructing a verdict for defendant on which judgment was rendered, the court below states it was largely guided by the opinion of the Superior Court in Swaney v. School District of Georges Twp., 96 Pa. Superior Ct., 395, where a precisely similar situation was present except that there plaintiff, who had been secretary of this same school board, had resigned his office at the end of two months under the changed salary, whereas in the present case plaintiff continued to hold his office until the end of the year for which he was elected. In that case, as here, plaintiff contended the meeting at which his salary was changed, the same meeting as is here involved, on October 5, 1925, was irregularly called; and further that,

being called for organization, the board could not then properly reduce the salary of its officer. The court below, following the Superior Court in Swaney v. School District, etc., supra., and Redstone Township School District, 284 Pa. 325, 331, correctly held that the question of the regularity of the call for the meeting and of the board's action in changing the salary of its treasurer,—whether or not the call was specifically worded to include such action,—was not material. By attending the meeting of October 5, 1925, and participating therein without dissent as to the regularity of the call, plaintiff waived objection. Moreover, the proceedings of this meeting were amended and approved at the next regular meeting of the board in November, plaintiff being present, and at the December meeting he, himself, moved approval of the November minutes; all of which constituted ratification of the action of the board at its meeting on October 5th, when the change in compensation was inaugurated.

We agree with the court below that plaintiff "had no contractual right to the rate of compensation originally fixed," and having "continued in office during the balance of the year with full knowledge of the action of the board placing his salary at one hundred dollars per month, he could not......at the end of his term be heard to claim compensation on a different basis."

The judgment of the court below is affirmed.