## Commonwealth v. Doran

*Mitchell Jenkins, Donald Mills,* for Commonwealth.
*John R. Reap, Sr., John R. Reap, Jr.,* for defendant.

VALENTINE, P. J., May 23, 1949.—This is an action of quo warranto to determine the title of Ambrose Doran to the office of school director of Avoca Borough School District.

By agreement of the parties a jury trial was waived, and the case tried before the court without a jury.

Testimony was duly taken and the case fully argued by counsel for the respective parties. No requests for findings of fact have been submitted, but as the case presents conflicting testimony on one vital issue we deem it proper to detail our

### Findings of Fact

1. George Odgers, a member of the Board of School Directors of Avoca Borough School District, died August 16, 1948.

2. The remaining members of the board were Mrs. Nellie Ryan, president; Joseph Kelly, vice president; Thomas Lavelle, secretary, and Mrs. Mary Finnan.

3. Notice of a special meeting of the board of school directors was sent to Mrs. Finnan in the following form:

"Sept. 14, 1948

"There will be a special meeting of the Board of School Directors of the Borough of Avoca this evening, Sept. 14, 1948, in the High School Bldg.

"Signed

"THOS. LAVELLE, Sec."

4. On the night of September 14, 1948, at about 7:40 p.m., Mrs. Finnan went to the room in the school building where meetings of the board were usually held. At the time of her arrival Mrs. Ryan, Mr. Kelly and Mr. Lavelle were present.

5. Mrs. Finnan protested to Mr. Lavelle, the secretary, that any business transacted would be illegal, left the building and did not participate in the meeting.

6. At the time Mrs. Finnan withdrew and left the building, the meeting had not been called to order and no business had been transacted.

7. Prior to the holding of the special meeting of September 14, 1948, Mrs. Finnan had solicited Mrs. Ryan to vote for Mrs. Odgers to fill the vacancy on the board caused by the death of the latter's husband.

8. On prior occasions Mrs. Finnan had always been notified of special meetings by telephone.

9. After Mrs. Finnan left the school building, the remaining directors proceeded to fill the vacancy on the school board by the appointment of defendant.

### Discussion

The notice sent to Mrs. Finnan of the proposed special meeting of September 14, 1948, was defective in that it neither specified the business to be considered nor that the meeting was called for "general purposes".

Section 309 of the School Code of May 18, 1911, P. L. 309, §233, provides:

"No business shall be transacted at any special meeting except that named in the call sent to the members for such special meeting: provided, that special meetings may be called for general purposes."

The fact that the notice did not designate the hour or place of the meeting might not be fatal in view of the fact that the testimony indicates that all meetings were held in the same room in the school building at 8 p.m. However, business not specified in the call could not be legally transacted at the special meeting: Hunt v. School District, 14 Vt. 300.

Had Mrs. Finnan remained and taken part in the meeting, the fact that the business transacted was not within the call would be immaterial: Swaney v. Georges Township School District, 309 Pa. 184. In that case it was said:

"By attending the meeting of October 5, 1925, and participating therein without dissent as to the regularity of the call, plaintiff waived objection."

Here it is conceded that Mrs. Finnan did not remain nor participate in the meeting, and her testimony that she left before the meeting had been called to order is corroborated by that of Thomas McHale, an entirely disinterested witness, who was present, and who said

that Mrs. Finnan protested about the "nonlegality of the meeting due to the terms on the card didn't specify what it was for", and after she left "the meeting was called to order".

The fact that Mrs. Finnan protested the legality of the call for the special meeting, did not participate in the business transacted, and concededly did nothing to ratify the action of the remaining members in appointing defendant, leads us to the conclusion that the appointment was illegal, and in violation of section 309 of the School Code.

The court finds defendant, Ambrose Doran, guilty of unlawfully holding the place and exercising the powers and functions of School Director of Avoca Borough School District, and, therefore, gives judgment that Ambrose Doran be ousted and altogether excluded therefrom and from the exercise of said powers and performances of said functions.